**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TRUSTEES OF THE PIPEFITTERS AND PLUMBERS LOCAL 524 PENSION AND ANNUITY PLAN,** *et al.* : : : : : | |
| **Plaintiffs** : | **CIVIL ACTION NO. 3:15-2085** |
| **v.** : : | **(JUDGE MANNION)** |
| **YANNUZZI, INC.,** : : | |
| **Defendant** : : | |

## MEMORANDUM

Pending before the court are the plaintiffs' motion for entry of default judgment, (Doc. 7), and supplemental motion for entry of default judgment, (Doc. 10), against the defendant pursuant to Fed. R. Civ. P. 55(b)(2). This action arises out of the alleged breach of collective bargaining agreements between the defendant employer, Yannuzzi, Inc. ("Yannuzzi"), a Pennsylvania corporation providing contracting and subcontracting services in the pipefitting and plumbing industry, and United Association Local Union 524 ("Local 524"), a labor organization representing employees, including employees of the defendant. As the court finds, the plaintiffs have shown prejudice if default is denied, that defendant Yannuzzi does not have a litigable defense, and that defendant Yannuzzi's conduct is culpable. The plaintiffs' motion for default judgment will be **DISMISSED AS MOOT**, and the plaintiffs' supplemental motion for default judgment will be **GRANTED**.

I. **Procedural History & Background**

On October 28, 2015, the plaintiffs filed a complaint against defendant Yannuzzi alleging that, from March 2015 through September 2015, Yannuzzi failed to pay monthly contributions and other assessments due to various employee benefit plans organized under the provisions of the Employee Retirement Income Security Act ("ERISA"). (Doc. 1). The "plaintiffs" include Local Union 524; trustees of various multi-employer trust funds established to provide benefits to employees, including Local 524's Pipefitters and Plumbers Pension and Annuity Plan, Health & Welfare Fund, and Education Fund (the "Benefit Fund Plaintiffs"); and several trust funds, including Local 524's Vacation Fund, Organizational Fund, Assessment Fund, Political Action Fund, Industry Advancement Fund, and Community Fund (the "Labor-Management Fund Plaintiffs"). The plaintiffs seek to recover contributions, interest, liquidated damages, attorney's fees, and costs.

The plaintiffs also seek injunctive relief, requesting the court to issue an order enjoining the defendant from continuing to violate the terms of the collective bargaining agreements and requiring the defendant to submit timely contributions and reports. The defendant submitted reports for the relevant time period of March 2015 through September 2015 but failed to make contributions. The plaintiffs personally served the defendant with a copy of the summons and complaint on November 4, 2015, (Doc. 4), without any response.

On December 2, 2015, the plaintiffs filed a motion for entry of default by the clerk, and the Clerk of Court entered default that same day. (Doc. 5, Doc. 6.). On December 8, 2015, the plaintiffs filed a motion for default judgment by the court pursuant to Fed. R. Civ. P. 55(b)(2) in the amount of $173,471.80, plus attorney's fees and costs. (Doc. 7; see also, Doc. 8-1 at 2, Summary of Damages). On December 9, 2015, the plaintiffs filed a supporting brief. (Doc. 8). The plaintiffs attest that this amount is based on the reports filed by the defendant. For the Benefit Fund Plaintiffs, it includes $118,136.20 in unpaid contributions; prejudgment interest on late payments, calculated at the rate of twelve percent per year and totaling $6,049.45; and liquidated damages, calculated at the rate of ten percent and totaling $15,907.06. The amount also includes $33,379.09 in unpaid contributions for the Labor-Management Fund Plaintiffs. The plaintiffs do not seek liquidated damages and prejudgment interest on the amount of unpaid contributions for the Labor-Management Fund Plaintiffs. Further, the plaintiffs seek $2,200.00 in attorney's fees and $485.00 in costs.

On February 5, 2016, the plaintiffs filed a supplemental motion for default judgment in the revised amount of $131,167.15, plus attorney's fees and costs. (Doc. 10). On that day, the plaintiffs also filed a supporting brief. (Doc. 11). After the filing of the original motion, the plaintiffs averred that the defendant submitted payments in the amount of $41,820.17. Of this amount, the plaintiffs applied $32,607.11 to the unpaid contributions owed to the

Benefit Fund Plaintiffs from June through July 2015, and the remaining $9,213.06 to the unpaid contributions owed to the Labor-Management Fund Plaintiffs from July 2015 through September 2015. Therefore, the plaintiffs have revised their requested damages to unpaid contributions for the Benefit Fund Plaintiffs in the amount of $85,529.09 for the months of July through September 2015; prejudgment interest for the Benefit Fund Plaintiffs in the amount of $5,564.97; and unpaid contributions in the amount of $24,166.03 for the Labor-Management Fund Plaintiffs for the months of July 2015 through September 2015. The amount of $15,907.06 for liquidated damages relating to unpaid contributions for the Benefit Fund Plaintiffs remains the same. Moreover, the plaintiffs seek the same amount of $2,685.00 for attorney's fees and costs.

## II.    DISCUSSION

### A.    Default Judgment

Rule 55(a) provides that the clerk must enter a party's default when the defendant has failed to plead or otherwise defend an action seeking affirmative relief, as shown by affidavit or otherwise. Only after the clerk has entered a default under Rule 55(a) may the court entertain a motion for default judgment under Rule 55(b)(2). Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (non-

precedential opinion). Entry of default judgment is within the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). A district court's refusal to enter default judgment will be subject to review under the abuse of discretion standard. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

According to the Third Circuit, the court must consider the following three factors in determining whether to grant default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Id.; see also, United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). If the court determines that defendant is in default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Fed. Prac. & Proc. Civ. § 2688 (3d ed.)).

The plaintiffs have satisfied the technical requirements for the court's entry of default judgment. The plaintiffs personally served the defendant with a copy of the summons and complaint. (Doc. 4). The defendant did not serve an answer on the plaintiffs, as required by Fed. R. Civ. P. 12(a)(1). Nor has the defendant appeared or otherwise defended the case. The Clerk of Court has entered default upon the plaintiffs' motion for entry of default, which was accompanied by the declaration of Patrick Dolan ("Dolan"), Trustee of the

5

various funds and Business Manager of Local Union 524, pursuant to 28 U.S.C. §1746. (Doc. 6.).

With respect to the substantive requirements of default judgment, in terms of prejudice to the plaintiffs, the plaintiffs have not suggested that their ability to pursue the claim has been hindered since the entry of the default judgment, for example through "loss of available evidence or increased potential for fraud or collusion . . . ." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982). The plaintiffs have, however, affirmed that the defendant's continued failure to pay contributions "has inflicted, and will continue to inflict, irreparable harm on the Benefit Fund Plaintiffs and their participants and beneficiaries." (Doc. 8 at 12). The plaintiffs argue that their ability to collect payments from the defendant absent court intervention is completely dubious. Even if the defendant neglects to pay contributions, the plaintiffs are still required to provide annuity contributions and health benefits to the defendant's employees and need to draw from other financial sources, such as investment income or contributions paid by other employers. Since the plaintiffs have adequately demonstrated prejudice, the court concludes that the first factor weighs in the plaintiffs' favor.

The defendant has not asserted any substantive defense to the plaintiffs' claims of missed payments in breach of the collective bargaining agreements. The defendant did not file any briefs in opposition to the plaintiffs' motion and supplemental motion. According to the plaintiffs, the

defendant remitted $41,820.17 in payments after the filing of the original motion for default judgment. Thus, the defendant appears not to contest that certain monies are due to the plaintiffs. The court finds that Yannuzzi has no litigable defense to plaintiffs' claims; hence, the second factor weighs in the plaintiffs' favor.

Further, the plaintiffs have demonstrated how defendant Yannuzzi's failure to appear stems from culpable conduct. In order to prove the defendant's culpability, "more than mere negligence must be demonstrated." Nationwide, 175 F. App'x at 523 (quotations omitted). "Reckless disregard for repeated communications from plaintiffs and the court" may be sufficient to demonstrate culpability. Id. (quoting Hritz, 732 F.2d at 1183). The defendant did not answer, appear, or plead in response to the November 4, 2015 summons and complaint; the December 2, 2015 motion for default and entry of default; the December 8, 2015 motion for default judgment; or the February 5, 2016 supplemental motion for default judgment. The defendant's refusal to engage in this litigation rises to the level of reckless disregard for repeated communications in this suit that establishes the defendant's culpability.

The court finds that the plaintiffs' complaint, along with the declarations and other supporting documentation, adequately set forth the basis for the plaintiffs' claims for relief. As such, the court finds that this matter warrants an entry of default judgment against defendant Yannuzzi.

**B.     Amount of Judgment**

With respect to the actual amount owed to the plaintiffs, "[a]lthough the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain." Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc., 808 F. Supp. 2d 89, 94 (D.D.C. 2011). In the supplemental motion for default judgment, the plaintiffs request judgment against the defendant in the amended amount of $131,167.15, plus attorney's fees and costs.

Under Section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145. When an employer fails to make such contributions, under 29 U.S.C. §1132(g)(2), ERISA mandates that the court award the plan for the following items in an action brought by a plan fiduciary:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
> > (I) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the Court under Subparagraph (a),
> 
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

The plaintiffs contend that the defendant owes a total of $109,695.12 in unpaid contributions for the months of July through September 2015. The plaintiffs provided the court with Dolan's supplemental declaration, as well as the defendant's reports, to support an award of $85,529.09 to the Benefit Fund Plaintiffs, and $24,166.03 to the Labor-Management Fund Plaintiffs. (Doc. 11-1 at ¶23). The court concludes that the plaintiffs have provided sufficient proof of the amount that the defendant owes in unpaid contributions.

The plaintiffs calculated that Yannuzzi owes prejudgment interest to the Benefit Fund Plaintiffs on late paid contributions in the amount of $5,564.97, based on the interest rate of twelve percent per annum, as provided in the restated agreements and declarations of trust. (Doc. 11-1 at ¶¶24-25). This figure accounts for the late paid contributions for March 2015 through May 2015, with interest accumulating from the date the contributions were due through November 2, 2015, and for late paid contributions for June 2015 through September 2015, with interest accumulating from the date the contributions were due through December 8, 2015.[1] The plaintiffs also contend that, according to these provisions, Yannuzzi owes the Benefit Fund

---

[1] According to the plaintiffs, the amount of interest has been revised from the figure in the original motion to reflect that payments for March through April 2015 contributions were received on November 2, 2015. Therefore, interest is only calculated through November 2, 2015 for these months. For the other months (June 2015 through September 2015), interest is calculated through December 8, 2015, and not until the date of actual entry of judgment, as provided in the agreements. (Doc. 11 at 3-4).

Plaintiffs liquidated damages calculated at the contractual rate of ten percent, which equals $15,907.06. Id. The court finds that the plaintiffs are entitled to prejudgment interest and liquidated damages.

The plaintiffs additionally request an award of attorney's fees in the amount of $2,200.00. ERISA allows the court to award reasonable attorney's fees. 29 U.S.C. §1132(g)(2)(D). "The most useful starting point for determining the amount of a reasonable fee is the lodestar calculation," whereby a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007) (quotations and internal quotation marks omitted). "The product is a presumptively reasonable fee, but it may still require subsequent adjustment." Id.

In support of their petition, the plaintiffs submitted the declaration of Andrew Kelser ("Kelser"), of O'Donoghue & O'Donoghue LLP, counsel of record of Plaintiffs. (Doc. 8-1 at 76-82), and time records describing the legal work performed. The plaintiffs based their calculation of attorney's fees on 8.0 hours of attorney time at a rate of $275.00 per hour. Kelser affirms that he has been practicing exclusively in the field of labor and employee benefits law since joining the firm in 2012. (Doc. 8-1 at 77). The court notes that the plaintiffs are not requesting attorney's fees for the preparation of the supplemental motion for default judgment. The Court shall award the attorney's fees requested.

The plaintiffs further request costs in the amount of $400.00 for the filing fee and $85.00 for the process server. (Doc. 11 at 5). Costs that are recoverable under 29 U.S.C. §1132(g)(2) of ERISA are specified in 28 U.S.C. §1920, the statute for taxation of costs. See, Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 312 n.9 (3d Cir. 2008). The statute mentions filing fees but not process server fees. Nonetheless, courts have held process server fees to be reimbursable as costs. See, e.g., E. Const. & Elec., Inc. v. Universe Techs., Inc., No. CIV. 10-1238 RBK KMW, 2011 WL 53185, at *6 (D.N.J. Jan. 6, 2011). The court also finds the above fees to be taxable. Local Rule 54.3 provides that no later than 30 days after entry of final judgment, bills of costs shall be filed, and that bills of costs requiring taxation, shall be taxed by the clerk, subject to appeal to the court. Thus, after the court enters judgment against defendant Yannuzi, the plaintiffs must file a bill of costs with the clerk of court.

Lastly, the plaintiffs include postjudgment interest in their proposed order, which the court construes as a request. (Doc. 11-2). Under 28 U.S.C. §1961, "Interest shall be allowed on any money judgment in a civil case recovered in a district court." Since interest is mandatory if requested, the court will award postjudgment interest on the judgment to accrue at the statutory rate, pursuant to 28 U.S.C. §1961, from the date judgment is entered against the defendant.

**C. Judgment for Equitable Relief**

In addition to monetary damages, the plaintiffs seek equitable relief, specifically a permanent injunction to enjoin the defendant's violations of the terms of the collective agreement by requiring the defendant to send contributions and submit the requisite reports in a timely manner. Section 502(a)(3) of ERISA authorizes plan fiduciaries to seek equitable relief for a violation of a trust fund agreement or an ERISA provision. Hotel Employees & Rest. Employees Intern Union Welfare/Pension Funds v. Caucus Club, Inc., 754 F. Supp. 539, 545 (E.D. Mich. 1991). In order to grant a permanent injunction, the court must consider the following four factors: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest. Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001).

With respect to the first factor of actual success on the merits, since the defendant has remained silent throughout the litigation, the court relies on the complaint as well as plaintiffs' other submissions, including Dolan's declaration and supplemental declaration. As previously mentioned, since the defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Comdyne I, 908 F.2d at 1149. Thus, the court accepts as true the pleadings that the defendant breached the

collective bargaining agreements. The court also finds that the documentation provided by the plaintiffs, including Dolan's declarations and attached exhibits, support the plaintiffs' damages calculations. The court concludes that the plaintiffs have sufficiently satisfied the first factor to order injunctive relief requiring the defendant to timely submit contributions and reports.

Second, as described above, the plaintiffs have demonstrated that they will be irreparably harmed and will suffer prejudice absent injunctive relief. The defendant has ignored its payment obligations. Meanwhile, the funds for annuity contributions and health benefits for the defendant's employees continue to deplete without the corresponding contributions, endangering the funds' financial security. The plaintiffs have satisfied the second factor of irreparable harm.

Regarding the third factor, as the plaintiffs recognize, the defendant neglected to put forth any evidence of potential harm greater than the harm to the plaintiffs if the court orders the permanent injunction. The court will not speculate as to the burdens the defendant will face if required to comply with an order simply enforcing its pre-existing contractual obligations. The record does not reflect any significant adverse effects on the defendant that would prevent injunctive relief.

Fourth, a permanent injunction would be in the public interest. "In enacting the Multiemployer Pension Plan Amendments Act of 1980, Congress amended ERISA to address the substantial number of employers who fail to

make their promised contributions on a regular and timely basis." United Auto. Workers, 501 F.3d at 294 (quotations and internal quotation marks omitted). The Supreme Court has stated that "[t]he legislative history of these provisions explains that Congress added these strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts." Id. (quotations omitted).

Granting the plaintiffs' request for injunctive relief furthers the legislative purpose behind these ERISA provisions in requiring the delinquent defendant to timely remit contributions in the future. Although the plaintiffs do not allege that the defendant failed to submit contribution reports resulting in harm, adding the reporting component to the injunctive relief will facilitate the defendant's payments. Further, "ERISA does not require that harm be shown before a plan participant is entitled to an injunction ordering the plan administrator to comply with ERISA's reporting and disclosure requirements." Gillis v. Hoechst Celanese Corp., 4 F.3d 1137, 1148 (3d Cir. 1993). As such, the court will grant the plaintiffs' application for a permanent injunction requiring the defendant to remit all future contributions and remittance reports owed to the plaintiffs in a timely fashion.

Finally, the plaintiffs also seek an injunction: 1) requiring the defendant to post a bond or other security acceptable to the plaintiffs equal to the amount of delinquent contributions; and 2) until such escrow account is established or other security arrangement acceptable to the plaintiffs is arranged, the

defendant is immediately enjoined from disposing of, transferring or selling any and all assets in excess of $5,000.00, whether held individually or jointly, without the express written permission of the plaintiffs and the court. The factors weighing in favor of ordering the above permanent injunction also weigh in favor of ordering the additional injunctive relief. Commanding the defendant to post a bond and forbidding the transfer of substantial assets would further guarantee that the defendant fulfills its contractual obligations to the plaintiffs, preventing irreparable harm to the plaintiffs and serving the public interest. See, Hotel Employees, 754 F. Supp. at 545-46. Enjoining transfer of assets is within the court's equitable powers under ERISA. See, id. The court will grant the plaintiffs' additional requests for injunctive relief.

## III. CONCLUSION

For the reasons discussed above, the plaintiffs' motion for the court's entry of default judgment against the defendant, (Doc. 7), is **DISMISSED AS MOOT**. The plaintiffs' supplemental motion for the court's entry of default judgment against the defendant, (Doc. 10), is **GRANTED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 25, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2085-01.wpd